## BJ'S & SONS CONSTRUCTION COMPANY, INC
## v VAN SICKLE

Docket Nos. 250815, 250816. Submitted February 10, 2005, at Detroit. Decided May 10, 2005, at 9:20 a.m.

BJ's & Sons Construction Company, Inc., brought an action in the Oakland Circuit Court against George Van Sickle, Linda Van Sickle, and Two Shoe Boxes, Inc., seeking to quiet title to an entire parcel of realty. The Van Sickles had intended to sell a portion of the parcel to the plaintiff, but a scrivener's error had resulted in a deed that purported to convey the entire parcel to the plaintiff. The court, Gene Schnelz, J., on the basis of MCL 600.2591, MCR 2.114(F), and MCR 2.625(A)(2), awarded sanctions against the plaintiff; its president, Robert J. Harvey; and its counsel, Stephen E. Shefman, having found that Harvey, the sole owner of and decision maker for the plaintiff corporation had advised counsel before commencement of the case that he had not made any claim on the property under the erroneous title, that no one had told him that he owned, bought, or acquired any interest in the land retained by the Van Sickles, and that he did not think he bought or owned the land at issue. Plaintiff, Harvey, and Shefman appealed.

The Court of Appeals *held*:

The trial court properly imposed attorney fees and costs as sanctions for frivolous litigation by the plaintiff. The Court affirmed the trial court's award of sanctions, awarded additional sanctions for the appellants' frivolous appeal, remanded the case to the trial court for determination of the amount of appellate sanctions, and retained jurisdiction.

SAAD, J., stated that the court properly imposed sanctions for frivolous litigation. Neither the plaintiff nor its counsel had any reasonable basis for bringing the suit. Harvey and Shefman knew before bringing the suit that the plaintiff had no legitimate claim to the property. The judge had earlier warned the plaintiff and counsel that they risked sanctions if the claim was without merit. Counsel did not perform a reasonable inquiry as required by MCR 2.114(D) and was not shielded from the sanctions.

Defendant Two Shoe Boxes, Inc. (TSB), had its litigation expenses paid by a title insurance company. Nonetheless, TSB was entitled to recover the actual expenses paid by its subrogee because, though the title company was not a party, it was more than a mere volunteer in paying the litigation expenses of TSB. The title company as subrogee would be entitled to whatever reimbursement TSB would have received had it paid its own expenses.

The costs of legal assistants conforming to article I, § 6 of the bylaws of the State Bar of Michigan may be included as attorney fees and awarded as sanctions.

SMOLENSKI, J., concurred in the result only.

KELLY, P.J., concurring in part and dissenting in part, concurred that the trial court properly imposed attorney fees and costs as sanctions, but dissented regarding the retention of jurisdiction by the panel with regard to the trial court's determination of appellate sanctions. The trial court is perfectly capable of conducting an evidentiary hearing on appellate sanctions without oversight by the Court of Appeals.

*Stephen E. Shefman* for BJ's & Sons Construction Company, Inc. and Robert J. Harvey.

*Stephen E. Shefman* in propria persona.

*John A. DeMarco* for George and Linda Van Sickle.

*William E. Hosler* for Two Shoe Boxes, Inc.

Before: KELLY, P.J., and SAAD and SMOLENSKI, JJ.

SAAD, J. Plaintiff BJ's & Sons Construction Company, Inc.; Robert Harvey, the president and chief executive officer of BJ's & Sons Construction Company, Inc.; and Stephen Shefman, plaintiff's attorney (hereafter referred to jointly as plaintiffs), appeal the trial court's order that imposed sanctions because the court ruled that their claim was frivolous. The order imposed attorney fees and costs reduced by the reasonable amount it would have cost plaintiffs to resolve the issue

appropriately.[1] We affirm and award additional sanctions against plaintiffs for bringing a frivolous appeal.

### I. NATURE OF THE CASE

This is one of those rare cases in which a trial court granted sanctions (attorney fees and costs) for frivolous litigation. The trial court granted sanctions against plaintiff corporation, the president of the corporation, and plaintiff's trial counsel. The trial court ordered sanctions because the evidence demonstrated that neither counsel nor his client had any reasonable basis to bring this suit. Indeed, the evidence showed that the client and its counsel pursued this litigation despite knowing that the underlying claim was completely without merit. Compounding this wrongful conduct, plaintiff and its trial counsel continued this litigation despite warnings from the experienced trial judge that the trial court would impose sanctions if, as the court correctly sensed, and as it turned out, the case had absolutely no merit. Here, plaintiff alleged an interest in property though its president and sole shareholder knew that plaintiff had no interest in this property. Plaintiff asserted an interest arising out of a 1994 real estate transaction in which plaintiff purchased property from defendants, but not the disputed property that plaintiff claims here. Indeed, before filing suit, plaintiff's counsel was told that, though a scrivener's error showed that the disputed property had been conveyed, neither party intended to make the disputed property part of the sale. The transaction involved the sale of a

---

[1] Plaintiffs claimed appeals from orders disposing of the underlying, substantive issues in the case, but failed to do so within twenty-one days of the trial court's final order. Accordingly, this Court dismissed plaintiffs' claim of appeal except for those issues related to the trial court's imposition of sanctions.

portion of a larger tract of land that defendants, the
Van Sickles, were purchasing by land contract. The
Van Sickles intended to sell (and plaintiff intended to
purchase) a small portion of the land while the Van
Sickles retained the remainder (the larger part) for
themselves. The scrivener's error resulted in a deed
that purported to convey the entire parcel of land, as
opposed to the intended smaller portion. Moreover,
plaintiff's president told plaintiff's counsel that he
never believed that plaintiff had bought the property
claimed here. Indeed, he admitted that, after the 1994
sale, he saw defendants build on and conduct business
on this property, and he also sought to buy the very
property at issue here. Overwhelming evidence
showed that both plaintiff and its counsel brought this
suit and continued to prosecute this suit knowing full
well that it is completely frivolous. For this reason, the
trial court warned that it would impose sanctions, and,
after a full hearing on the propriety and amount of
sanctions, the trial court imposed sanctions against
plaintiff, plaintiff's president, and plaintiff's counsel.
We affirm and award sanctions for frivolous and vexa-
tious appeal.

## II. FACTS AND PROCEDURAL HISTORY

This case arises out of a 1994 sale of land. The deed
contained a scrivener's error that ostensibly granted
plaintiffs a parcel of property that the parties clearly did
not intend to be part of the transaction.[2] The trial court
dismissed the land-title claim as frivolous and granted
defendants an award of attorney fees and costs. The

---

[2] Plaintiffs also alleged that defendants failed to record a deed in their
chain of title. Plaintiffs sued to quiet title to the parcel of property and for
damages resulting from the failure to record. The trial court dismissed
the deed-recordation claim as frivolous, but did not impose sanctions.

trial court computed the costs and fees from the time it became obvious to Harvey and plaintiff's counsel that there was a scrivener's error. After a three-day evidentiary hearing, the trial court concluded that the scrivener's error had been obvious before commencement of the suit and imposed sanctions accordingly.

### III. SANCTIONS UNDER MCL 600.2591 AND THE MICHIGAN COURT RULES

Under Michigan law, a party that maintains a frivolous suit or asserts frivolous defenses is subject to sanctions under applicable statutes and court rules. Under MCL 600.2591(3),

> "(a) 'Frivolous' means that at least 1 of the following conditions is met:
>
> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (iii) The party's legal position was devoid of arguable legal merit." [*Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002), quoting MCL 600.2591(3)(a).]

MCR 2.625(A)(2) provides:

> In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591.

MCR 2.114(F) provides, in part:

> In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2).

MCR 2.114(E)[3] provides:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

"A trial court's determination that an action is frivolous is reviewed for clear error." *Kitchen, supra* at 661.[4]

The purpose of imposing sanctions for asserting frivolous claims "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Michigan Bank v Bailey*, 232 Mich App 711, 723; 591 NW2d 676 (1998). In the context of F R Civ P 11 (Rule 11), which imposes similar requirements on attorneys and parties and imposes similar sanctions for violations as MCR 2.114 does, the United States Supreme Court noted that "[b]aseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Cooter & Gell v Hartmarx Corp*, 496 US 384, 398; 110 S Ct 2447; 110 L Ed 2d 359 (1990). Similarly, a federal court observed that "sanctions awarded under Rule

---

[3] Though the trial court did not explicitly cite MCR 2.114(E) as a basis for sanctions, it did cite this Court's opinion in *Lloyd v Avadenka*, 158 Mich App 623; 405 NW2d 141 (1987), which, in turn, cited MCR 2.114(E) as a basis for sanctions.

[4] The trial court's determination of frivolity will not be reversed merely because this Court would have reached a different conclusion or because the evidence in support of that determination is comparatively weak. *Marketos v American Employers Ins Co*, 240 Mich App 684, 701-703; 612 NW2d 848 (2000), rev'd in part on other grounds 465 Mich 407 (2001).

11 . . . are essentially deterrent in nature, imposed in an effort to discourage dilatory tactics and the maintenance of untenable positions." *Prewitt v Alexander*, 173 FRD 438, 441 (ND Miss, 1996).

Here, the trial court ruled that plaintiffs' claim was based on an obvious scrivener's error and granted summary disposition in favor of defendants.[5] The trial court held an evidentiary hearing and determined that sanctions were warranted under MCL 600.2591, MCR 2.114(F), and MCR 2.625(A)(2). The attorney who drafted the deed testified that he made a mistake and that he advised plaintiff's counsel, Shefman, of his mistake before plaintiff filed suit. Harvey's former attorney testified that he also advised Shefman that Harvey had no ownership interest in the disputed property. Importantly, Harvey himself testified that he told Shefman, before commencement of this suit, that he was unaware of any ownership interest in the disputed property and that he had watched defendants construct buildings and operate a business on the property in issue.[6]

---

[5] This determination is not properly within the scope of this appeal.

[6] The trial court provided a succinct summary of Harvey's testimony in its comprehensive, well-reasoned opinion and order imposing sanctions:

Mr. Harvey is the President and CEO of BJ's and the client of Mr. Shefman. Although [BJ's is] ostensibly a corporation, [Harvey] maintained sole control of BJ's and independently made all decisions regarding the corporation. His testimony revealed that *at no time had he ever made a claim to the property in question.* Further, he had, in fact, approached the Defendant Van Sickle long after the scrivener's error had occurred, relative to potentially purchasing the retained land "if the price was right." He admitted that he had *watched the building on the land being built* and *made no objection* nor *asked any questions.* He admitted that he had *never paid any taxes, insurance or maintenance on the building or land.* He *admitted that no one*, including his past counsel, *ever told him he owned, bought or acquired any interest in the retained land.*

Our review of the record reveals that the trial court correctly and properly ruled that plaintiffs had no reasonable basis for asserting their claims and, indeed, that Harvey himself had testified that he commenced suit despite knowing that he had no valid claim to the disputed land. Plaintiffs' claim of title to the property was premised solely on the admittedly mistaken description in the deed, which plaintiffs knew to be the result of a scrivener's error. Indeed, discovery clearly revealed what plaintiffs and their attorney knew before filing this suit—plaintiffs had no legitimate claim to this property. Moreover, the trial court properly advised and warned plaintiffs and their counsel that they risked serious sanctions if, as it turned out, this claim had no merit whatsoever. Plaintiffs and their counsel failed to heed this warning and, instead, subjected defendants to years of litigation and caused them to incur substantial attorney fees despite knowing that plaintiffs had no interest in the property.

In *Lloyd v Avadenka*, 158 Mich App 623, 631; 405 NW2d 141 (1987), this Court concluded that if the plaintiff's counsel had made "reasonable inquiry" as required by MCR 2.114(D),[7] then the plaintiff's counsel

---

*Most importantly,* he admitted that *he did not even **think** he bought or owned, in any way, the retained land at issue.* He testified that he informed Mr. Shefman of those facts before the lawsuit. He testified however that he did authorize Mr. Shefman to make a claim, through a lawsuit, regarding the property to explore his rights *knowing full well he had no valid claim.*

\* \* \*

It is apparent [that Harvey proceeded with this suit] only out of greed and the hope of some type of windfall to which he knew he was not entitled. [Emphasis in italics supplied by this Court; emphasis in bold, underlined text supplied by the trial court.]

[7] MCR 2.114(D) provides:

would easily have known that the plaintiff's claim had no basis in law or fact. As a result, this Court upheld the trial court's imposition of sanctions under MCR 2.114(E). *Lloyd, supra* at 631-632. Here, the evidence presented to the trial court reveals that Harvey's and Shefman's misconduct surpasses that of the attorney in *Lloyd.* Here, Harvey and Shefman *knew at the outset* that plaintiffs' claims were frivolous and yet proceeded anyway. Accordingly, we hold that the trial court correctly found plaintiffs' suit to be frivolous and that it properly awarded sanctions.

IV. PLAINTIFFS' CLAIMS THAT THE TRIAL COURT
ERRONEOUSLY AWARDED SANCTIONS

Plaintiffs say that the trial court erred when it awarded sanctions.[8] Plaintiffs contend that defendants did not prevail on the entire record because the trial court awarded plaintiffs a setoff for the expense of resolving the deed-recordation issue. However, a setoff

---

The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

[8] The legal issues underlying a trial court's decision to award sanctions are reviewed de novo. *HA Smith Lumber & Hardware Co v Decina,* 258 Mich App 419, 429; 670 NW2d 729 (2003), vacated in part on other grounds and remanded 471 Mich 925 (2004), reaff'd on remand 265 Mich App 380; 695 NW2d 347 (2005).

against a sanctions award is permissible. *Kitchen v Kitchen*, 239 Mich App 190, 196; 607 NW2d 425 (1999), aff'd in part and rev'd in part on other grounds 465 Mich 654 (2002). In any event, the deed-recordation claim was based on a transaction different from the land-title claim. Accordingly, they are separate causes of action, and, under MCR 2.625(B)(2), "the party prevailing on each issue or count may be allowed costs for that issue or count." See *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 519-520; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998). Plaintiffs were not the prevailing party in the land-title claim, and the trial court correctly ruled that they were subject to costs associated with that claim.[9]

Plaintiffs also allege that defendant Two Shoe Boxes, Inc. (TSB), may not recover because TSB's litigation expenses were paid by Stewart Title Guaranty Company, which, pursuant to a title insurance policy, acknowledged and defended TSB in exchange for subrogation. Plaintiffs argue that Stewart Title Guaranty Company is not a party and TSB incurred no actual expenses. A subrogee must be more than a " 'mere volunteer,' " but "[w]hen an insurance provider pays expenses on behalf of its insured, it is not doing so as a volunteer." *Auto-Owners Ins Co v Amoco Production Co*, 468 Mich 53, 59; 658 NW2d 460 (2003) (citation deleted). If Stewart Title Guaranty Company paid for TSB's expenses, it is entitled to whatever claim or reimbursement TSB would have received had TSB paid its own expenses. *Id.* at 60-62. Furthermore, this Court has held that a subrogee is entitled to "costs and

---

[9] Plaintiffs assert that the parties accepted a case evaluation award and are therefore precluded from recovering any costs, including attorney fees, inconsistent with the $0.00 award. However, the case evaluation did not result in an award of $0.00, but rather in *no* award on the equitable claims. Accordingly, this claim is without merit.

mediation sanctions under the doctrine of equitable subrogation." *Neal v Neal*, 219 Mich App 490, 495; 557 NW2d 133 (1996). Therefore, we hold that the trial court correctly awarded costs and attorney fees to TSB.

### V. AMOUNT OF SANCTIONS

#### A. WAS THE AMOUNT UNSUPPORTED?

Plaintiffs say, incorrectly, that because the amount of sanctions was unsupported, the trial court abused its discretion when it imposed sanctions. The amount of sanctions imposed by a trial court is reviewed for an abuse of discretion. *In re Costs & Attorney Fees*, 250 Mich App 89, 104; 645 NW2d 697 (2002). An award of sanctions is only required to be "reasonable." *Id.* This Court has set forth several factors to consider for reasonableness:

> Where the amount of attorney fees is in dispute each case must be reviewed in light of its own particular facts. There is no precise formula for computing the reasonableness of an attorney's fee. However, among [sic] the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Crawley v Schick*, 48 Mich App 728, 737; 211 NW2d 217 (1973).][10]

Defendants submitted a significant amount of evidence that they incurred substantial expense and attor-

---

[10] However, our Supreme Court later explained that a trial court "is not limited to those factors" and is not required to set forth detailed findings on each specific factor. *Michigan Tax Mgt Services Co v City of Warren*, 437 Mich 506, 509-510; 473 NW2d 263 (1991), quoting *Wood v Detroit Automobile Inter-Ins Exch,* 413 Mich 573, 587-588; 321 NW2d 653 (1982).

ney fees to successfully defend against this completely frivolous litigation that spanned several years and involved substantial discovery. The trial court held a three-day evidentiary hearing, and considered the substantial evidence submitted by defendants that amply supports the amount of sanctions awarded. Accordingly, we hold that the trial court's award of sanctions does not constitute an abuse of discretion.

### B. WERE ATTORNEY FEES IMPROPERLY AWARDED FOR THE SERVICES OF NONATTORNEYS?

Plaintiffs maintain that the trial court improperly awarded attorney fees for time and labor provided by a law clerk who worked for defendants Van Sickles' counsel and by a legal assistant who worked for TSB's counsel. Under MCR 2.626, "[a]n award of attorney fees may include an award for the time and labor of any legal assistant who contributed nonclerical, legal support under the supervision of an attorney, provided the legal assistant meets the criteria set forth in Article [I], § 6 of the Bylaws of the State Bar of Michigan."[11]

---

[11] Those criteria include that a legal assistant is a person:

   (a) who has graduated from an ABA approved program of study for legal assistance and has a baccalaureate degree; or

   (b) has received a baccalaureate degree in any field, plus not less than two years of in-house training as a legal assistant; or

   (c) who has received an associate degree in the legal assistant field, plus not less than two years of in-house training as a legal assistant; or

   (d) who has received an associate degree in any field and who has graduated from an ABA approved program of study for legal assistants, plus not less than two years of in-house training as a legal assistant; or

With respect to the legal assistant, plaintiffs agreed to a stipulation offered by defendants to reduce the amount charged by one-half, but declined the trial court's repeated invitations to summon the legal assistant for a hearing so that plaintiffs could examine her qualifications to refute defendants' statements that the legal assistant performed nonclerical work and possessed the requisite training. "A party cannot stipulate a matter and then argue on appeal that the resultant action was error." *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001).

Furthermore, "error requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v Legrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). Here, plaintiffs could have examined the law clerk and the legal assistant to resolve any questions concerning their qualifications, but chose not to do so despite several clear invitations from the trial court. Therefore, we hold that the amount of sanctions awarded by the trial court is not erroneous.[12]

## VI. SANCTIONS FOR VEXATIOUS APPEAL

As we stated above, we affirm the trial court's imposition of sanctions and the amount awarded because this is an egregiously frivolous matter and both

---

(e) who has a minimum of four (4) years of in-house training as a legal assistant.

[12] Plaintiffs finally challenge an unspecified fractional expense allegedly allowed by the trial court. However, because this expense is *unspecified*, and because we "will not search the record for factual support for plaintiffs' claims," *Derderian v Genesys Health Care Systems*, 263 Mich App 364, 388; 689 NW2d 145 (2004), we decline further consideration of this issue.

plaintiff and plaintiff's lawyer were fully aware that plaintiff's claim lacked merit and were well advised by the trial court to resolve this matter at the beginning of the litigation or risk serious sanctions. Rather than resolving this matter expeditiously and appropriately, plaintiff and plaintiff's attorney engaged in what can only be described as litigation misconduct. Their conduct on appeal is no less egregious: indeed, on appeal, neither plaintiff nor its counsel articulated any legitimate basis for the claim or for the misconduct associated with pursing this claim. Instead, plaintiff's counsel misrepresented the trial court's ruling and the law in an effort to avoid the well-deserved sanctions imposed by the trial court.

In their brief and at oral argument, defendants requested sanctions against plaintiffs for bringing a vexatious appeal. We agree with defendants that plaintiffs' appeal is as blatantly frivolous and meritless as their suit below.[13] Plaintiffs' appeal was brought with the purpose of hindering or delaying defendants without any reasonable basis to believe that there was a meritorious issue to be determined on appeal and therefore is vexatious under MCR 7.216(C)(1)(a). *Resteiner v Sturm, Ruger & Co, Inc*, 223 Mich App 374, 377; 566 NW2d 53 (1997). Moreover, plaintiffs violated MCR 2.114(D) and (E) by submitting documents with Shefman's signature in furtherance of this frivolous, vexatious appeal.[14] Accordingly, we grant defendants' request and award defendants the actual damages they have incurred as a result of plaintiffs' vexatious appeal, including reasonable attorney fees. MCR 7.216(C)(2).

---

[13] Indeed, had defendants not asked for sanctions, we would have granted them on our own initiative. See MCR 7.216(C)(1).

[14] See also *Lloyd, supra* (attorney sanctioned for signing a pleading in furtherance of a suit where the attorney failed to adequately investigate the alleged basis for the suit).

### VII. REMAND FOR DETERMINATION OF AMOUNT OF SANCTIONS

We remand to the circuit court (1) to determine the amount of actual damages and expenses, including attorney fees, incurred by defendants as a result of plaintiffs' vexatious appeal and (2) for entry of an order that awards defendants sanctions in accordance with this opinion. Within thirty days of the date of this opinion, defendants shall ask the circuit court to schedule a hearing to address this matter. The circuit court shall make its determination regarding the proper amount of sanctions on remand and enter its order that awards defendants that amount within ninety days of the date of this opinion. Within seven days of the entry by the circuit court of its order, defendants shall file a copy of the circuit court's order with this Court. The parties shall file any briefs challenging the amount of sanctions awarded within twenty-one days of the entry of the circuit court's order. We retain jurisdiction.

### VIII. CONCLUSION

To conclude, we (1) affirm the trial court's imposition of sanctions and the amount of sanctions imposed, (2) grant defendants' request for vexatious appeal sanctions, (3) remand to the circuit court for a determination of the proper amount of sanctions for vexatious appeal, and (4) retain jurisdiction.[15]

---

[15] The concurrence/dissent disagrees with our retaining jurisdiction on the grounds that (1) the trial court is perfectly capable of assessing sanctions without our oversight and (2) this is a waste of appellate resources. The majority commends the trial court for a comprehensive and well-reasoned opinion, and it is because the trial court has been intimately involved with this case, much more so than the appellate court, that the trial court is in the best position to make an assessment of, and to hold a hearing regarding, sanctions. And, because of our familiarity with this case, we retain jurisdiction rather than having another panel of this Court duplicate the work we have already done,

Smolenski, J. I concur in result only.

Kelly, P.J. (*concurring in part and dissenting in part*). I concur only in the conclusion that the trial court properly imposed attorney fees and costs as sanctions in this case. I disagree, however, with retaining jurisdiction after remand as it is an unnecessary waste of appellate resources. The only issue remaining is the amount of appellate sanctions to be imposed. The trial court is perfectly capable of conducting an evidentiary hearing to determine this amount without our oversight, particularly given the care and attention it has previously given to this matter.

---

should one of the parties appeal. Indeed, by remanding to the trial court, the court with the most knowledge of the details, the lawyers, and the parties, and by retaining jurisdiction with this panel that is intimately familiar with this case, we most certainly conserve judicial resources.