# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD WARNER and JOHANNA RICHARDSON,

        Plaintiffs/Counterdefendants-
        Appellants,

v

SUZANNE S. SCHLAF, Individually and as Trustee of the SUZANNE S. SCHLAF TRUST,

        Defendant/Counterplaintiff-
        Appellee.

UNPUBLISHED
October 21, 2014

No. 316613
Marquette Circuit Court
LC No. 12-050910-CZ

---

SUZANNE S. SCHLAF,

        Plaintiff-Appellee,

v

ANNA WARNER, LAURA MERCIER, HENRY JOHNSON, CARL JOHNSON, CHRISTINE (KITTY) CHRISTENSEN, MILFORD JOHNSON, and EILEEN JOHNSON,

        Defendants,

and

RICHARD WARNER and JOHANNA RICHARDSON,

        Appellants.

No. 316616
Marquette Circuit Court
LC No. 06-044020-CH

---

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

On December 12, 2006, a default judgment was entered granting Suzanne Schlaf fee simple title to a vacant piece of land in Ishpeming, Michigan. On November 13, 2012, Richard

-1-

Warner and Johanna Richardson filed a complaint requesting that the lower court set aside the default judgment, and that it grant sanctions and attorney fees under MCR 2.114. The two cases were consolidated and ultimately, the lower court set aside the default judgment as it pertained to Warner and Richardson but not as it pertained to defendants in the quiet title action. It denied the request for sanctions and attorney fees. Warner and Richardson now appeal by right. We affirm.

This case involves a 160-acre parcel of undeveloped property. For purposes of this case, the chain of title originates with Christ and Ellen Johnson, the great-grandparents of Warner, Richardson and Schlaf. At death, Ellen Johnson passed equal 1/8th shares of the property to her living children, one of whom was Inga Goldsby, who passed her 1/8th interest to her daughter, Lyla Schultz, who in turn quit-claimed the interest to her daughter, Schlaf. Another initial recipient was Anna Warner, the grandmother of appellants Warner and Richardson. Their father's estate was never probated so it is unclear whether his interest passed to them or to Hazel Warner, his widow. Rae Elliot, who held another 1/8th interest, quit-claimed it to Schlaf in 1997, and Evelyn Caven, another interest holder, quit-claimed her interest to Schlaf in 1998.

In 2006, Schlaf initiated a quiet title action, allegedly believing that she was the last living person with an interest in the property. She named Ellen Johnson's heirs and all of their unknown heirs, spouses, devisees and assignees as defendants. Schlaf averred 1) that she could not locate known addresses for any of the relevant defendants; 2) that she had searched the Marquette County Records and found no information concerning the status or identity of any named or unnamed defendants; and 3) that she had been in sole possession of the property since 1976 and that no defendant had attempted to pay the property's taxes. Schlaf sought a fee simple title free and clear of any claim by the defendants. On October 6, 2006, the lower court ordered defendants to answer and required that a notice of the suit be published in the Marquette Mining Journal. On December 12, 2006, the lower court granted Schlaf a default judgment quieting title to the property.

On November 13, 2012, Warner and Richardson filed a complaint claiming that Schlaf had perpetrated a fraud on the lower court by making false statements in the 2006 quiet title action. They asserted that Schlaf falsely claimed that she was the only person with an interest in the property and that she had no way of contacting any of the defendants. In support of their claim, they provided letters that they had received from Schlaf and her husband in 1987 and 1988. The letters were addressed to family members and provided updates on the property, notified of timber harvests for the payment of property taxes, informed of excess timber harvest revenue, and requested that younger generations of the family begin participating in the property's maintenance. In addition, Warner claimed that Schlaf's husband called him in 2005 to confirm his mailing address. Warner and Richardson argued that this proved that Schlaf knew of their interest in the property. Therefore, Warner and Richardson requested that the lower court set aside the default judgment and sanction Schlaf under MCR 2.114 for filing a false and frivolous claim. Moreover, during the proceedings they provided a quit claim deed that they had received from Hazel Warner on March 5, 2013.

The lower court found that it did not have personal jurisdiction over Warner and Richardson at the time it issued the default judgment because they were not properly notified of

the 2006 quiet title action. As a result, it set aside the default judgment under MCR 2.116(C)(3) to the extent it foreclosed any interest they might have in the property. The court also stated:

> Now, I'm setting this aside not on the basis of fraud on the court. . . . I don't find from the undisputed facts that Suzanne Schlaf in any way committed a fraud on the court. . . . She and her husband were in fact the caretakers of the property, had in fact paid property taxes on it, or had taken care of seeing the timber was cut, did attempt to provide distribution to other interested parties, did exercise diligence in looking at the chain of title in the Register of Deeds office, did exercise diligence in determining whether or not there was any probate, and concluded, wrongly I think, in my judgment, that [Warner and Richardson] had no interest in the property. And they brought this quiet title action not to seek any great personal gain, but to try to get some – get the title clarified to this property. And I just cannot conclude from these undisputed facts that there was any wrongful or fraudulent intent here.

As a result, the lower court denied the request for sanctions, granting only nominal statutory costs. Finally, the lower court denied the request to set aside the default judgment as it pertained to the defendants in the 2006 quiet title action because the remaining defendants were not before the court asking for relief.

## I. THE DEFAULT JUDGMENT

Warner and Richardson argue that the lower court erred in denying their request to set aside the 2006 default judgment as it applies to the remaining defendants. We disagree. Warner and Richardson lack standing to request relief from the default judgment on behalf of the remaining defendants. "To have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). The interest must be based on a plaintiff's own legal rights, and not on the legal rights or interests of third parties. *Id.* Here, the only legally protected interests of Warner and Richardson are their own potential shares in the property. While they may be affected by the division of the property amongst other family members, they do not have standing to bring a claim based on the rights of the remaining defendants. "A real party in interest is one who is vested with a right of action in a given claim, although the beneficial interest may be with another." *MOSES Inc v SEMCOG*, 270 Mich App 401, 415; 716 NW2d 278 (2006). Warner and Richardson simply cannot base their claim on property rights owned by the remaining defendants. See *Walgreen Co v Macomb Twp*, 280 Mich App 58, 66; 760 NW2d 594 (2008). If any of the remaining defendants wish to have the default judgment set aside, they themselves must come before the lower court.

## II. SANCTIONS

Warner and Richardson also argue that the lower court erred in denying their request for sanctions. Again, we disagree. This Court reviews a lower court's finding that an action is not frivolous for clear error. *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002). "A

decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.*

Under MCR 2.114(E), a party to an action may be sanctioned for submitting a claim not grounded in fact or warranted by existing law. Similarly, under MCR 2.114(F), a court may sanction a party for pleading a frivolous claim or defense. "The purpose of imposing sanctions . . . is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *BJ's & Sons Const Co, Inc v Van Sickle*, 266 Mich App 400, 405; 700 NW2d 432 (2005).

It is undisputed that Schlaf and her husband have served as the sole caretakers of the property for nearly 40 years. Similarly, it is undisputed that Schlaf searched the Marquette County Register of Deeds and found no other recorded interest in the property. As a result, it was reasonable for Schlaf to conclude that she was the sole owner of the property after she acquired quit claim deeds from the only other apparent, living owners, Rae Elliot and Evelyn Caven. Similarly, it was reasonable for Schlaf to conclude that Warner and Richardson had no interest in the property because their father's estate could have passed to his second wife and not to his children. The letters were nearly 30 years old and only evidenced that Schlaf knew that Warner and Richardson were part of the extended family. If Schlaf genuinely and reasonably believed that they had no ownership interest in the property, then she likewise reasonably believed that they did not need to be named as defendants in the 2006 quiet title action and were thus not entitled to notice.

Schlaf may have wrongly concluded that she was the only living person with an interest in the property. However, Warner and Richardson have failed to establish that Schlaf intentionally made false or misleading statements, or otherwise acted with an improper purpose. As a result, the lower court did not err in denying the request for sanctions.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

-4-