*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ALEXANDER ROBERT SPITZER,

        Plaintiff-Appellee,

v

JAY ABRAMSON and ABRAMSON LAW
OFFICES, PLLC,

        Defendants-Appellants,

and

MICHAEL BRYCE WINNICK d/b/a LAW
OFFICES OF MICHAEL BRYCE WINNICK,

        Defendant.

UNPUBLISHED
May 28, 2019

No. 343105
Oakland Circuit Court
LC No. 2015-145126-NM

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendants, Jay Abramson and Abramson Law Offices, PLLC (collectively, "Abramson") appeal as of right the trial court order denying their motion for sanctions. We affirm.

The background facts of this case were set forth in this Court's prior opinion. *Spitzer v Abramson*, unpublished per curiam opinion of the Court of Appeals, issued October 24, 2017 (Docket No. 333158). Relative to the instant appeal, plaintiff initiated an action against defendants based on allegations of malpractice that allegedly occurred during defendants' representation of plaintiff in his divorce proceedings against his now ex-wife. Abramson moved for partial summary disposition pursuant to MCR 2.116(C)(8), seeking dismissal of all of plaintiff's claims except the claim for legal malpractice. Before that motion was heard, defendant Winnick filed a motion for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiff had moved to set aside the settlement, but the trial court denied that motion and this Court affirmed that decision. See *Silverman v Spitzer*, unpublished per curiam

-1-

opinion of the Court of Appeals, issued December 16, 2014 (Docket No. 317682) (plaintiff asserted that the settlement should have been set aside due to coercion exercised upon him to settle the divorce action). Winnick thus contended that plaintiff's action against him was barred under principles of estoppel. Abramson concurred in Winnick's motion. The trial court granted Winnick's motion, dismissing plaintiff's claims against all defendants, and found that Abramson's separately filed motion for summary disposition was moot. This Court affirmed the trial court's order. *Spitzer v Abramson, supra.* Thereafter, Abramson moved for sanctions against plaintiff and plaintiff's counsel, claiming that plaintiff's complaint was frivolous and citing MCR 2.114. The trial court denied the motion, and Abramson now appeals that decision.

This Court reviews for clear error a trial court's factual determination whether a claim was frivolous. *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 75; 903 NW2d 197 (2017). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Kelsey v Lint*, 322 Mich App 364, 379; 912 NW2d 862 (2017) (citation omitted).

Under former MCR 2.114[1], an attorney's signature on a document submitted to the court certifies that the document is, to the best of his or her knowledge, "well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law . . . ." MCR 2.114(D)(2). The signature further certifies that the document was not filed for an improper purpose, such as to harass, cause unnecessary delay, or cause needless increase in the cost of litigation. "If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . ." MCR 2.114(E). The word "shall" generally indicates a mandatory directive. *Smitter v Thornapple Tp*, 494 Mich 121, 136; 833 NW2d 875 (2013).

MCR 2.114 also provides for sanctions when a party pleads a frivolous claim or defense. MCR 2.114(F). Additionally, MCL 600.2591(1) provides that if a court finds that an action was frivolous, the court shall award costs and fees to the opposing party that it incurred in defending against the frivolous action. "Frivolous" is defined in MCL 600.2591(3)(a) as meaning that one of the following conditions was met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

---

[1] MCR 2.114 was repealed, effective September 1, 2018, but was in effect at the times relevant to this case. The language previously found in MCR 2.114(D) through (F) has been retained at MCR 1.109(E).

The question whether a claim or defense is frivolous is evaluated at the time the claim or defense was raised. *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). The purpose of imposing sanctions for asserting frivolous claims "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *BJ's & Sons Const Co, Inc v Van Sickle*, 266 Mich App 400, 405; 700 NW2d 432 (2005) (citation omitted). "Not every error in legal analysis constitutes a frivolous position," and "merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in advocating its position." *Kitchen v Kitchen*, 465 Mich 654, 663; 641 NW2d 245 (2002). Moreover, sanction provisions should not be construed in a manner that has a chilling effect on advocacy or that penalizes a party whose claim initially appears viable but later becomes unpersuasive. *Louya v William Beaumont Hosp*, 190 Mich App 151, 163; 475 NW2d 434 (1991).

Abramson asserts that plaintiff's complaint was frivolous based upon a very narrow interpretation of plaintiff's complaint. According to Abramson, plaintiff's complaint was based solely on whether co-counsel, defendant Michael Winnick, coerced plaintiff into a divorce settlement agreement. While that may have been a substantial point (i.e. gravamen) in plaintiff's complaint, that was not the *sole* basis for the legal malpractice claims. In his complaint, plaintiff specifically asserted that Abramson engaged in malpractice in a number of ways, including that he failed to meaningfully cross-examine or depose witnesses, failed to challenge or defend against plaintiff's ex-wife's allegations in the divorce, failed to issue discovery requests and to follow up on discovery requests, lost and mishandled documents that plaintiff provided to him, and failed to intervene when co-counsel and plaintiff's relationship dissolved into hostility. Clearly, these allegations are not based upon on an alleged coercion into a settlement agreement.

In response to Abramson's motion for sanctions, plaintiff's counsel asserted, and provided evidence, that he had undertaken a thorough investigation into plaintiff's claims. This included the review of documents filed in plaintiff's divorce case, detailed discussions with two of plaintiff's legal representatives in the divorce case, review of text messages between Abramson and plaintiff, and obtaining the professional opinion of three experts regarding whether an action for legal malpractice was demonstrated. It was only after all of the above took place that plaintiff's counsel filed a 41 page complaint against Abramson. And, the complaint that was filed contained actionable claims against Abramson and well-pleaded factual allegations to support the claims, which are accepted as true. See, e.g., *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Because Plaintiff's counsel undertook a thorough and extensive

investigation of the underlying claims prior to filing the complaint against Abramson and continued to investigate throughout the proceedings, and because Abramson has not shown that plaintiff's complaint was frivolous, the trial court properly denied Abramson's motion for sanctions.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto