*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NADINE MATHES,

        Plaintiff/Counterdefendant-
Appellant/Cross-Appellee,

UNPUBLISHED
March 10, 2022

v

ROBERT KENNETH STEELE, JR.,

        Defendant/Counterplaintiff-
Appellee/Cross-Appellant.

No. 354528
Oakland Circuit Court
LC No. 2018-167813-CH

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff/counterdefendant, Nadine Mathes, appeals as of right the trial court's opinion and order, following a bench trial, quieting title to disputed property in favor of defendant/counterplaintiff, Robert Kenneth Steele, Jr. Steele has filed a cross-appeal, challenging the trial court's denial of his pretrial motion for summary disposition and his request for sanctions against Mathes and her lawyer. For the reasons set forth in this opinion, we affirm in both appeals.

## I. BASIC FACTS

Mathes and Steele are neighbors. In August 2018, Mathes filed this action, alleging claims for trespass and unjust enrichment, and seeking an injunction requiring Steele to remove encroachments from her property.[1] Mathes alleged that a 2017 survey reflected that Steele's air conditioning unit, brick pavers, and shrubbery were all on her property. In accordance with MCR 2.508(B), Mathes filed a jury demand with her complaint.

In response, Steele filed a countercomplaint, alleging that he held superior title to the disputed section of land under theories of acquiescence and adverse possession. Steele also moved

---

[1] Mathes also named as defendants John Perry Waldrop and Sue Ann Waldrop, who were also her neighbors. The claims against the Waldrops were dismissed pursuant to a stipulated order.

for summary disposition under MCR 2.116(C)(10). In support of his motion, he presented evidence that the parties and their predecessors had continuously treated a boundary line approximately five feet south of the survey line as the boundary line between their properties. In response, Mathes presented evidence that she had not treated the line identified by Steele as the boundary line. In light of the conflicting evidence, the trial court denied the motion for summary disposition.

Thereafter, Steele filed a motion requesting that the trial court conduct a bench trial on his counterclaims of acquiescence and adverse possession before holding a jury trial on Mathes's claims for trespass and unjust enrichment. Mathes objected. The trial court ruled that it would conduct a bench trial on Steele's counterclaims, and if those claims were denied, it would then hold a jury trial on Mathes's claims. Following the bench trial, the court found that Steele proved by a preponderance of the evidence that Mathes had acquiesced to an established boundary line as identified by Steele for more than 15 years. Therefore, the court quieted title to the disputed property in favor of Steele and dismissed as moot Mathes's claims. Finally, the court denied Steele's motion for sanctions because it did not agree that Mathes's claims and defenses were frivolous.

## II. RIGHT TO A JURY TRIAL

### A. STANDARD OF REVIEW

Mathes first argues that the trial court denied her constitutional right to a jury trial by conducting a bench trial on Steele's counterclaim before submitting her claims to a jury. Whether the trial court correctly "interpreted and applied this state's Constitution, statutes, and court rules" is a question of law, which this Court reviews de novo. *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 644; 866 NW2d 850 (2014). Questions of law are also reviewed de novo. *Anzaldua v Band*, 457 Mich 530, 533; 578 NW2d 306 (1998).

### B. ANALYSIS

The Michigan Constitution states that "[t]he right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. Const 1963, art 1, § 14; see also MCR 2.508(A) ("The right of trial by jury as declared by the constitution must be preserved to the parties inviolate."). In this case, Mathes made a demand for a trial by jury in accordance with MCR 2.508(B), which provides:

> (1) A party may demand a trial by jury of an issue as to which there is a right to trial by jury by filing a written demand for a jury trial within 28 days after the filing of the answer or a timely reply. The demand for jury must be filed as a separate document.

Mathes's complaint alleged claims for trespass and unjust enrichment. As recognized by this Court in *New Prod Corp*, 308 Mich App at 646, a trespass claim "is an action at law that must be submitted to a jury." Further, with regard to plaintiff's claim for unjust enrichment, in *B & M Die Co v Ford Motor Co*, 167 Mich App 176, 184; 421 NW2d 620 (1988), this Court recognized that a party who seeks only equitable relief does not have the right to a trial by jury. Conversely, if a

party seeks both equitable relief and money damages, as Mathes has done, the party has the right to have the jury hear the damages claim. *Id.*

Determining that a right to trial by jury exists for Mathes's claims does not end our inquiry, however. MCR 2.508(C) permits a party to demand a trial by jury on some issues, but not on others. Moreover, MCR 2.509(A)(2) provides that even if a demand for a trial by jury has been made under MCR 2.508, a jury trial is not required if the court "finds that there is no right to trial by jury of some or all of those issues." And, in cases that present issues that will be tried by a jury and issues that will be tried by the court, MCR 2.509(C) provides:

> In an action in which some issues are to be tried by jury and others by the court, or in which a number of claims, cross-claims, defenses, counterclaims, or third-party claims involve a common issue, *the court may determine the sequence of trial of the issues, preserving the constitutional right to a trial by jury according to the basic nature of every issue for which a demand for jury trial has been made under MCR 2.508.* [Emphasis added.]

Steele's counterclaims for acquiescence and adverse possession are equitable actions which, under MCL 600.2932(5), must be decided by the court sitting in equity. See *New Products Corp*, 308 Mich App at 657 and *Sackett v Atveo*, 217 Mich App 676, 680; 552 NW2d 536 (1996). Consequently, some of the issues in this case were to be tried by a jury pursuant to Mathes's demand for a jury trial, and others were to be tried by the court. As a result, under MCR 2.509(C), the trial court had the discretion to decide the sequence in which the issues were to be tried. The court determined that it would first hold a bench trial on Steele's counterclaims. Mathes argues on appeal that, by doing so, the court failed to preserve her constitutional right to a trial by jury. We disagree. Although the court first held a bench trial on the equitable claims raised in Steele's counterclaim, it made clear that, were Steele to fail to establish his claims, a trial by jury would commence on Mathes's claims for trespass and unjust enrichment. In that way, the trial court preserved Mathes's right to a jury trial. The mere fact that, as a result of the first trial, Mathes's claims were rendered moot does not mean that the court failed to preserve her right to a jury trial. Rather, the reason no jury trial was held on her claims was because she could not maintain an action for trespass over land for which title had been quieted in favor of Steele.

Mathes's reliance on S*mith v University of Detroit*, 145 Mich App 468, 479; 378 NW2d 511 (1985) is misplaced. In *Smith*, this Court explained:

> [I]n Michigan there is a constitutional right to decision by the chancellor on issues of fact in equity claims, which is as sacred as the right to a jury trial of fact issue in law claims. Apparently then, when the same issue of fact is common to both an equitable claim and a legal counterclaim, the issue cannot be disposed of simply by giving priority to the right of a jury trial, as in federal practice. While defendant has a right to a jury trial of that issue in connection with his counterclaim, plaintiff also has a right to have the judge decide the same issue independently in connection with the equitable claim, giving to the jury's finding no more effect than that of an advisory jury in equity practice. While this implies the startling possibility of contradictory findings in the same case on the common issue of fact, that apparently is a consequence which must be accepted if each party has a constitutional right to

a different mode of trial. [*Smith*, 145 Mich App at 479 (quotation marks, citation, and emphasis omitted).]

As a result, the court held that in cases "where both equitable issues and jury submissible issues coexist, the proper procedure is to hold trial before a jury and follow presentation of evidence with two separate factual determinations: court factfinding on the equitable claims and jury factfinding on the claims of damages." *Smith*, 145 Mich App at 479. Whether the defendants were liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*., was an issue of fact common to both the legal and the equitable claims. *Smith*, 145 Mich App at 474-475. The *Smith* Court concluded that, because the trial court had engaged in factfinding on the plaintiffs' claim for damages, the matter had to be remanded for a jury to make a factual determination on the legal claim. *Id*. In other words, the plaintiffs were not bound by the court's improper factfinding on the legal claim. The *Smith* Court, however, did not disturb the trial court's factfinding on the claim for equitable relief. See *Smith*, 145 Mich App at 481-482 (KALLMAN, J., concurring).

In this case, however, there is not an issue of fact that is common to both the legal claims and the equitable claims. Instead, the quiet title action required the trial court to find whether Steele had acquired title to the disputed strip of land via adverse possession or acquiescence. Whether the disputed land belonged to Mathes or Steele was not an issue that was submissible to the jury. Instead, the question to be submitted to the jury was whether Steele had encroached on property owned by Mathes. Because the trial court, sitting in equity, found that Steele had acquired title to the dispute property by acquiescence there was no question left for the jury to decide. Because the trial court in this case did not engage in any factfinding on the legal claims, there is no need to remand for a jury trial on the issue of damages.

## III. ACQUIESCENCE

### A. STANDARD OF REVIEW

Mathes next argues that the trial court erred by finding that Steele established he had acquired title to the property by acquiescence. We review for clear error a trial court's findings of fact at a bench trial. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*.

### B. ANALYSIS

"Under Michigan law, parties may acquiesce to a new property boundary line." *Houston v Mint Group, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353082); slip op at 11. "[A]cquiescence is established when a preponderance of the evidence establishes that the parties treated a particular boundary line as the property line." *Id.* (quotation marks and citation omitted). There are three theories of acquiescence: "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Sackett v Atyeo*, 217 Mich App 676, 681; 552 NW2d 536 (1996). Under the theory of acquiescence for the statutory period, which is intended to promote the peaceful resolution of boundary disputes, the proponent of the theory must show that the property owners or their predecessors in title treated a boundary line or other marker as the property line

for a period of 15 years. *Houston*, ___ Mich App at ___; slip op at 12; see also MCL 600.5801(4). "Our Supreme Court has repeatedly held that a boundary line long acquiesced in and treated as the true line should not be disturbed on the basis of new surveys." *Id*.

At trial, Steele identified a line approximately five feet south of the 2017 survey line as the line that Steele claimed Mathes continuously treated as the boundary line for their properties for more than 15 years. According to Steele, the line he identified represented the outer edge of where both he and Mathes had mowed the grass on their respective properties since Steele purchased his property in 2009. Steele also presented the testimony of Robert Kozlowski, a predecessor owner of Steele's property. Kozlowski purchased the property in 1995 and he identified the same line as the line that both he and Mathes treated as the boundary line for the respective properties throughout Kozlowski's ownership of the property. Kozlowski sold the property to Adam Mack, and Steele testified that the same line was the established boundary line when he purchased the property from Mack. Steele also presented testimony from several neighbors who similarly testified that the line identified by Steele was the boundary line that they saw the parties observe when cutting their grass over the years.

The thrust of Mathes's argument on appeal is that the trial court erred by relying on the testimony of the defense witnesses—particularly Sue Ann Waldrop—to find that Steele had established his claim of acquiescence. Mathes does not otherwise challenge the legal basis for the trial court's decision. Based on our review of the record, it is clear that the trial court did not rely solely on Waldrop's testimony, nor did it ignore Mathes's testimony. Instead, the court found that Steele's representation of the observed boundary line was supported by the testimony of multiple witnesses, all of whom consistently testified that since Kozlowski moved into the home in 1995, the occupants of the home had continuously mowed the lawn in a manner consistent with the boundary line identified by Steele. While Mathes presented testimony that contradicted Steele's position regarding the established boundary line, the trial court found the testimony of Steele and the defense witnesses "to be more credible." This Court defers to the trial court's "superior ability" to determine the credibility of the witnesses at a bench trial. *Smith v Straughn*, 331 Mich App 209, 217; 952 NW2d 521 (2020).[2] In light of that deference, Mathes has not demonstrated that the trial

---

[2] On appeal, Mathes asserts that her right to a fair trial was denied because she was forced to participate in a bench trial held via Zoom videoconferencing. Yet, she has not directed us to anything in the record suggesting that she objected to the use of Zoom videoconferencing. She also suggests that, because the proceedings were held via videoconferencing technology, less deference should be given to the court's assessment of the witnesses' credibility. She offers no citation to authority in support of that proposition. Finally, she alludes to the fact that witness tampering can occur during a proceeding held via videoconferencing because there is no way to ensure that lawyers are not communicating with witnesses, to verify what documents or information a witness has access to, or to sequester the witnesses. She does not allege that any witness tampering actually occurred; only that the potential for it existed. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v*

court erred by concluding that Steele established superior title to the disputed property on the basis of Mathes's acquiescence to that boundary line for the statutory period.[3]

## IV. SANCTIONS

### A. STANDARD OF REVIEW

On cross-appeal, Steele argues that the trial court erred by denying his request for sanctions, because plaintiff's complaint and affirmative defenses were frivolous. "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *Meisner Law Grp PC v Weston Condo Ass'n*, 321 Mich App 702, 730; 909 NW2d 890 (2017).

### B. ANALYSIS

Whether a claim is frivolous depends on the facts of each case. *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002). To avoid a finding of frivolity, a party must present an argument grounded in law and fact. *Id*. "The mere fact that [a party does not] ultimately prevail does not render the [action] frivolous." *Id*. Likewise, merely because this Court, or the trial court, determines that a legal position should be rejected does not necessarily mean that the party was being frivolous in advocating a certain legal position. *Id*. at 663. "The frivolous-claim-or-defense provisions of the Michigan Court Rules and MCL 600.2591 impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed." *Meisner Law Group*, 321 Mich App at 731 (quotation marks and citation omitted). Whether the inquiry was reasonable is gauged according to an objective standard, not the lawyer's subjective good faith. *Id*. As explained in *Meisner Law Group*:

> The purpose of imposing sanctions for asserting a frivolous action or defense is to deter parties and their attorneys from filing documents or asserting claims or defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose. *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 405; 700 NW2d 432 (2005) (quotation marks and citation omitted). A court must determine whether a claim or defense is frivolous on the basis of the circumstances at the time it was asserted. *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008). [*Meisner*, 321 Mich App at 731.]

---

*Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Moreover, Mathes's failure to raise a challenge to the use of Zoom videoconferencing at the trial court precludes her from raising it as an issue now. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (stating that failure to timely raise an issue waives review of that issue on appeal). Accordingly, we decline to address this issue.

[3] Given our resolution, it is unnecessary to address Steele's claim on cross-appeal that the trial court erred by denying his motion for summary disposition.

In this case, Steele faults Mathes for filing a complaint alleging trespass when the evidence demonstrated that she acquiesced to the established boundary line between the parties' properties. Steele also claims that Mathes should have been aware that the statutory period for a claim of acquiescence is 15 years. However, Mathes's position throughout the lower court proceedings was that she did not acquiesce to the boundary line. While the trial court ultimately found Steele's evidence to be more persuasive, the mere fact that Mathes did not prevail does not render her claims frivolous. See *Kitchen*, 465 Mich at 663. Additionally, there is no indication in the record that Mathes's lawyer did not have a reasonable basis for believing that Mathes's position had legal merit and was well grounded in fact. MCL 600.2591(3)(*ii*); MCR 1.109(E)(5)(b). Indeed, Mathes produced a survey to factually support her position that the legal property line was different than the boundary line identified by Steele. Mathes also denied that she treated the line identified by Steele as the boundary line. Because Mathes's claim was sufficiently grounded in law and fact, the trial court did not err by finding that the claim was not frivolous.

Steele also argues that Mathes's affirmative defenses to his counterclaims were frivolous. For example, Mathes alleged that Steele "[m]ay have concealed any property disputes from" her, but in her deposition Mathes testified that she was not aware of any facts indicating that Steele did anything to conceal any property disputes. In determining whether sanctions are appropriate, a claim or defense should be evaluated at the time it is made. *Meisner Law Group*, 321 Mich App at 731. As the trial court recognized, this was a fact-specific case, which was dependent on the credibility of the parties and the witnesses. The boundary dispute had become acrimonious, and the police had to be called to address issues between the parties before the lawsuit was even filed. Considering all the circumstances, we are not persuaded that the trial court clearly erred by holding that Mathes's affirmative defenses were not frivolous.

Affirmed. Neither party having prevailing in full, no taxable costs are awarded. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly

-7-