*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERICE BAIYEWU,

　　　　　Plaintiff-Appellant,

v

SUSAN RADZIEWICZ,

　　　　　Defendant,

and

TRIFOUND HOLDINGS, LLC,

　　　　　Defendant-Appellee.

UNPUBLISHED
September 5, 2024

No.　365887
Kalamazoo Circuit Court
LC No.　2020-000200-NZ

Before: SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

In a previous appeal, this Court granted defendant TriFound Holdings, LLC's motion for damages, and the trial court awarded damages. In this second appeal, we vacate the trial court's judgment as to these damages and remand to the trial court for further proceedings consistent with this opinion.

This Court previously explained the following:

> Plaintiff had an oral lease agreement with TriFound Holdings, LLC, to operate her massage-therapy business out of its building. After several years, TriFound informed plaintiff that she could no longer use its building as her place of business. Plaintiff was then locked out of the building, and away from her business equipment that was stored inside, for two days. Plaintiff testified that she was sleepless and had delusional episodes that hospitalized her because she was locked out of her business. She also testified that she lost many clients as a result of her hospitalization. Plaintiff sued under breach of contract, tortious interference with a business relationship, and intentional infliction of emotional distress. The

-1-

trial court granted TriFound summary disposition under MCR 2.116(C)(8) and (C)(10). [*Baiyewu v Radziewicz*, unpublished opinion of the Court of Appeals, issued November 10, 2022 (Docket No. 358857).]

This Court affirmed the trial court's grant of summary disposition. *Id*. at 3. Defendant then moved this Court for damages, including reasonable attorney fees, for vexatious proceedings. The panel granted the motion and remanded the case to the trial court for a determination of actual damages. *Baiyewu v Radziewicz*, unpublished order of the Court of Appeals, entered December 15, 2022 (Docket No. 358857).

In the trial court, defendant requested $39,190.50 in fees and costs related to the appeal, plus additional fees incurred in pursuit of the damages. At a hearing on the motion, plaintiff argued that the trial court had discretion to determine its award, which could include a determination of no damages. Defense counsel argued that this Court's order did not give the trial court discretion to determine that no damages were warranted.

The trial court stated that it had an obligation to determine the reasonableness of the requested fees, and it found that this Court had held that plaintiff's appeal of the tortious-interference-with-a-business-relationship and intentional-infliction-of-emotional-distress claims were vexatious. The trial court stated that it could hold a hearing to determine the costs attributed solely to those issues, or it could "determine on a prorated basis" the costs related to those two issues. The trial court acknowledged that the second option was "a rough and crude way of doing that and—and obviously not totally accurate but—but it would truncate the procedure." Defense counsel requested a prorated award.

Accordingly, the trial court awarded defendant $26,127, which constituted two-thirds of defendant's requested fees. The trial court noted in its written order that it had considered the documents defendant provided in support of its motion in addition to the "factors for determining [the] reasonableness of requested attorney fees and costs under Michigan law." The trial court found that the award was "reasonable under the circumstances."

Plaintiff now appeals.

This Court reviews for an abuse of discretion a trial court's determination of the reasonableness of attorney fees. *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 38; 972 NW2d 282 (2021). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (citation omitted). This Court reviews for clear error the trial court's underlying factual findings. *Id*. A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *Id*.

MCR 7.216(C)(1) provides that this Court may "assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious." An award of sanctions must be reasonable. See *BJ's & Sons Const Co, Inc v Van Sickle*, 266 Mich App 400, 440; 700 NW2d 432 (2005). "[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008).

When determining the reasonableness of attorney fees, a trial court is to first "determin[e] the fee customarily charged in the locality for similar legal services" and multiply that "by the reasonable number of hours expended in the case." *Smith*, 481 Mich at 530-531. Next, to determine whether an adjustment of that baseline amount is appropriate, the trial court is to consider, among other possible factors, "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Id*. at 529 (citation omitted). "To facilitate appellate review, a trial court should briefly discuss its view of each factor on the record and justify the relevance and use of any additional factors." *Kidder v Pobursky-Kidder*, ___ Mich App ___, ___; ____ NW3d ___ (2024) (Docket No. 365527); slip op at 5.

In this case, the trial court did not articulate any findings on the fees customarily charged or the reasonable number of hours expected in such a case. See *Smith*, 481 Mich at 530-531. The trial court's failure to analyze the reasonableness of the rates on the record has hindered appellate review of its decision. The trial court noted in its order that it had reviewed the documents defendant provided, but the court did not explicitly, in its order or during the hearing, explain why it found the rates or hours to be reasonable. Nor did the trial court explicitly address any of the other factors it should have considered when determining the award of attorney fees. See *Smith*, 481 Mich at 529; *Kidder*, ___ Mich App at ___; slip op at 5.

Further, the trial court adjusted the award from the amount that defendant requested by two-thirds, but this Court's order remanding the case for a determination of actual damages did not hold that only two-thirds of the issues were vexatious. Therefore, the manner by which the trial court determined the award amount constituted an abuse of discretion.

Vacated and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young