WIDDOES v DETROIT PUBLIC SCHOOLS

Docket No. 173469. Submitted March 19, 1996, at Detroit. Decided August
        16, 1996, at 9:00 A.M.

    Paul Widdoes petitioned the Wayne Circuit Court for review of a State
    Tenure Commission decision affirming, by a three to two majority,
    a decision of the Detroit Public Schools to terminate Widdoes'
    employment for excessive use of force. The court, Michael J. Calla-
    han, J., found that the commission's decision that Widdoes unlaw-
    fully inflicted corporal punishment on a student in violation of the
    corporal punishment provision of the Revised School Code, MCL
    380.1312; MSA 15.41312, was not supported by competent, material,
    and substantial evidence. The court reversed the commission's
    decision and adopted the dissenting commissioners' opinion that
    Widdoes had not used excessive force. The Detroit Public Schools
    appealed by leave granted.

    The Court of Appeals *held*:

    1. The circuit court correctly found that the discharge was not
    supported by competent, material, and substantial evidence of a
    violation of MCL 380.1312; MSA 15.41312. However, where not pro-
    hibited by statute, a local school board may define disciplinable
    acts and sanction teachers for violating school board policy. Here,
    Widdoes' actions may have violated the policy of the Detroit Public
    Schools prohibiting excessive force while not rising to the level of
    corporal punishment under the statute. The part of the order of the
    circuit court reversing the dismissal under the corporal punishment
    statute must be affirmed. The matter must be remanded to the
    State Tenure Commission for reconsideration of the basis of the
    dismissal.

    2. There is no statute authorizing the award of attorney fees in
    this case. The part of the order awarding attorney fees must be
    reversed.

    Affirmed in part, reversed in part, and remanded.

1. SCHOOLS — SCHOOL BOARDS — POLICIES.

    A local school board has the inherent power to define disciplinable
    acts and to sanction teachers for violating the school board's policy
    where not prohibited by statute; local school boards are free to
    develop and enforce policies as long as such policies are generally

within the scope of the educational mission and are not prohibited by statute.

2. TRIAL — ATTORNEY FEES — SCHOOL BOARDS.

A local school board with limited jurisdiction is not a state agency for purposes of an award of attorney fees to a prevailing party under MCL 600.2421d; MSA 27A.2421(4).

3. SCHOOLS — DISCHARGE OF TEACHERS — INFLICTION OF PHYSICAL PAIN — REVISED SCHOOL CODE.

The discharge of a teacher pursuant to the corporal punishment provision of the Revised School Code on the basis of the teacher's infliction of physical pain on a student is not supported by competent, substantial, and material evidence where the student admits that the teacher did not hurt the student in any way (MCL 380.1312; MSA 15.41312).

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Joseph F. Lucas*), for the petitioner.

*Lynne M. Metty*, for the respondent.

Before: BANDSTRA, P.J., and MARKMAN and M. D. SCHWARTZ,* JJ.

MARKMAN, J. Respondent appeals by leave granted a circuit court order reversing a State Tenure Commission decision terminating petitioner teacher's employment for excessive use of force. We affirm the circuit court's reversal, remand to the State Tenure Commission for further consideration, and reverse the circuit court's award of attorney fees to petitioner.

The incident at issue occurred in February 1990. An eighth grade student, who helped clean the gymnasium after it was used as a lunchroom, played dodgeball with several other students. A custodian had told them they could play, although the student knew that he should not be playing in the gym at that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

time. Petitioner entered the gym and told the students to leave. The student attempted to retrieve his shirt. Petitioner grabbed him by the arm and pulled him toward the door, telling him that he had to leave. The student tried to get away, called petitioner a "white bitch," threatened to hit him, and made an obscene gesture. The student later apologized to petitioner and testified that petitioner did not use "real bad force" or "hurt him in any way."

In June 1990, petitioner received written charges of using excessive force that stated in pertinent part:

> On February 23, 1990, you used inappropriate and excessive force on a student . . . .
>
> This is at least the second incident in which you have used force on a student in an unprofessional manner.
>
> These charges, if proven, constitute just and reasonable cause for disciplinary action. Therefore, accordingly, I am recommending that you be suspended without pay for three (3) weeks.

At the December 4, 1990, hearing regarding these charges, respondent's counsel requested termination. In a December 18, 1990, unanimous decision, the Detroit Board of Education stated that it found sufficient evidence to support the charge of excessive use of force and immediately terminated petitioner's employment.

Petitioner then appealed to the State Tenure Commission. The commission denied the petition by a three to two majority. It held:

> Here the great weight of the evidence established that [petitioner] did . . . unlawfully inflict corporal punishment on [the student] in violation of MCL 380.1312. [Petitioner's] response was totally out of proportion to [the student's] action, which consisted merely of walking across the gym

to get his shirt instead of leaving the gym immediately as [petitioner] commanded. . . . As a teacher, [petitioner] was charged with the responsibility of controlling his temper and using appropriate methods of discipline. His use of corporal punishment violated not only the state statute but also the policy of [respondent] which was based on the statute.

The dissenting opinion noted that the student acknowledged that he was not hurt and concluded:

Based upon the record, particularly the account of the alleged victim himself, I am unable to find that [petitioner] used excessive force in this skirmish. At the most he exercised poor judgment.

Petitioner appealed to the circuit court. The circuit court reversed the decision of the commission and adopted the dissent. It found that the commission's decision was not supported by competent, material, and substantial evidence of excessive force. The court specifically stated, "It is not a close call that the teacher did not use excessive force." The court also awarded reasonable attorney fees to petitioner.

In *Ferrario v Escanaba Bd of Ed*, 426 Mich 353, 367; 395 NW2d 195 (1986), the Court set forth the relevant standard of review:

Either party may appeal a decision of the Tenure Commission. The function of the reviewing courts is to determine from the record whether there is competent, material, and substantial evidence on the whole to support the Tenure Commission's findings. This review entails a degree of qualitative and quantitative evaluation of the evidence considered by the agency. *Beebee v Haslett Public Schools (After Remand)*, 406 Mich 224, 231; 278 NW2d 37 (1979).

The *Beebee* Court held, at 231, that the scope of such review is that set forth by *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974):

> The cross-fire of debate at the Constitutional Convention imports meaning to the "substantial evidence" standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record — that is, both sides of the record — not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review.

Here, the State Tenure Commission and the circuit court apparently interpreted "excessive force" in accordance with the corporal punishment statute of the Revised School Code, MCL 380.1312; MSA 15.41312. While it has since been amended, § 1312 stated in pertinent part at the time of the incident:

> (1) As used in this section, "corporal punishment" means the deliberate infliction of physical pain by any means upon the whole or any part of a pupil's body as a penalty or punishment for a pupil's offense.
>
> (2) A person employed by . . . a local . . . school board shall not threaten to inflict, inflict, or cause to be inflicted corporal punishment upon any pupil. However, the person,

within the scope of his or her responsibilities, may use such reasonable physical force as may be necessary to:

(a) Protect himself, herself, the pupil, or others from immediate physical injury.

(b) Obtain possession of a weapon or other dangerous object upon or within the control of a pupil.

(c) Protect property from physical damage.

We agree with the circuit court that the discharge was not supported by competent, substantial, and material evidence of a violation of this statute. The student testified that petitioner did not "hurt him in any way." Thus, the evidence clearly contradicted the "infliction of physical pain" element of corporal punishment.

However, at the hearing before the circuit court, respondent stated:

[T]he charges state use of excessive force, your Honor. I don't know if we're really restrained to the language of the corporal punishment statute.

*       *       *

I don't think we have to prove that it's corporal punishment under the statute to say that it was inappropriate, nonprofessional use of excessive force on a student.

We believe that, absent a contrary statutory provision, a local school board has the inherent power to define disciplinable acts and to sanction teachers for violating school board policy. " 'No single tradition in public education is more deeply rooted than local control over the operation of schools; local autonomy has long been thought essential both to the maintenance of community concern and support for public schools and to quality of the educational process.' " *Durant v State Bd of Ed*, 424 Mich 364, 385, n 14; 381 NW2d 662

(1985), quoting *Milliken v Bradley*, 418 US 717, 741-742; 94 S Ct 3112; 41 L Ed 2d 1069 (1974). See also *Street v Ferndale Bd of Ed*, 361 Mich 82, 87-88; 104 NW2d 748 (1960); *Rehberg v Melvindale Bd of Ed*, 330 Mich 541, 547-548; 48 NW2d 142 (1951); *Irving Parents' & Landowners' Ass'n v State Bd of Ed*, 45 Mich App 387, 394-395; 206 NW2d 503 (1973). Here, petitioner's actions may have violated an "excessive force" policy of respondent while not rising to the level of corporal punishment under the statute. Local school boards are free to develop and enforce policies as long as such policies are generally within the scope of the educational mission and are not prohibited by statute. That the Detroit Public Schools choose to adopt different policies concerning teacher discipline than the public schools of another community will undoubtedly have consequences for the quality of the respective educational environments in those schools but we see nothing in the law that precludes local school boards from coming to their own conclusions about such matters. We accordingly remand this matter to the State Tenure Commission for reconsideration of the basis of petitioner's discharge.[1]

---

[1] On remand, if the State Tenure Commission determines that petitioner was properly terminated, we recommend that it more fully address some of the claims petitioner raised below in the interest of judicial economy. First, petitioner contended that the increase in penalty from the recommendation of a three-week suspension to dismissal was an unconstitutional chilling of his statutory right to a hearing. The commission listed this due process claim as an issue before it, but failed to address the issue of respondent's rationale for this increase in recommended penalty. The circuit court apparently concluded that respondent increased the recommended penalty in retaliation for petitioner's pursuit of his right to a hearing on the charge.

Respondent also appeals the trial court's award of attorney fees to petitioner. Generally, attorney fees are not awarded unless specifically provided for by statute. *Matras v Amoco Oil Co*, 424 Mich 675, 695; 385 NW2d 586 (1986). MCL 600.2421d; MSA 27A.2421 (4) provides:

> If the court awards costs and fees to a prevailing party upon judicial review of the final action of a presiding officer in a contested case pursuant to . . . section 24.325 of the Michigan Compiled Laws, the court shall award those costs and fees provided for in section 24.323 of the Michigan Compiled Laws, if the court finds that the position of the state involved in the contested case was frivolous.

MCL 24.325; MSA 3.560(225) provides:

> (1) A party that is dissatisfied with the final action taken by the presiding officer under section 123 in regard to costs and fees may seek judicial review of that action pursuant to chapter 6.
>
> (2) The court reviewing the final action of a presiding officer pursuant to subsection (1) may modify that action only if the court finds that the failure to make an award or the making of an award was an abuse of discretion, or that

---

Second, petitioner claimed that his discharge violated the requirements of MCL 38.102; MSA 15.2002. MCL 38.102; MSA 15.2002 stated in pertinent part at the time of the incident:

> Charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, . . . shall, at the option of the teacher, provide for a hearing to take place not less than 30 nor more than 45 days after the filing of such charges.

The charges at issue were not filed sixty days before the end of the school year, nor was the hearing conducted between thirty and forty-five days after the charges were filed. The commission failed to address the issue whether the charges at issue were "charges concerning the character of professional services" to which these time limitations applied.

the calculation of the amount of the award was not based on substantial evidence.

(3) An award of costs and fees made by a court under this section shall only be made pursuant to . . . section 600.2421d of the Michigan Compiled Laws.

MCL 24.323; MSA 3.560(223) provides in part:

(1) The presiding officer that conducts a contested case shall award to a prevailing party, other than an agency, the costs and fees incurred by the party in connection with that contested case, if the presiding officer finds that the position of the agency to the proceeding was frivolous. To find that an agency's position was frivolous, the presiding officer shall determine that at least 1 of the following conditions has been met:

(a) The agency's primary purpose in initiating the action was to harass, embarrass, or injure the prevailing party.

(b) The agency had no reasonable basis to believe that the facts underlying its legal position were in fact true.

(c) The agency's legal position was devoid of arguable legal merit.

A local school board with limited jurisdiction does not appear to be a state agency for purposes of MCL 600.2421d; MSA 27A.2421(4). See *Hanselman v Wayne Co Concealed Weapon Licensing Bd*, 419 Mich 168, 192; 351 NW2d 544 (1984). Here, no presiding officer found respondent's position to be frivolous. Nor did a presiding officer award costs and fees; therefore, there was no appeal of such an award. Therefore, none of these statutes apply in the present circumstances. In any event, respondent's position does not meet the statutory definition of "frivolous" as evidenced by our remand of this matter to the State Tenure Commission for further consideration. We accordingly reverse the circuit court's award of attorney fees to petitioner.

For these reasons, we affirm the circuit court's reversal of petitioner's dismissal under the corporal punishment statute but remand to the State Tenure Commission for further consideration. We also reverse the circuit court's award of attorney fees to petitioner.