*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH AYOTTE,

        Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Defendant-Appellant.

FOR PUBLICATION
April 22, 2021
9:05 a.m.

No. 350666
Arenac Circuit Court
LC No. 17-013506-AV

Before: MURRAY, C.J., and MARKEY and LETICA, JJ.

PER CURIAM.

In this case involving Title IV-E[1] foster care funding, defendant appeals by leave granted[2] the circuit court's order awarding plaintiff $29,097.50 in attorney fees and $521 in costs under the Administrative Procedures Act (APA), MCL 24.201 *et seq.* On appeal, defendant advances three arguments for why the circuit court erred by awarding attorney fees and costs to plaintiff: (1) the circuit court did not have jurisdiction to award attorney fees and costs under the APA when the administrative law judge (ALJ) was not asked to make a determination regarding such fees and costs; (2) the circuit court erred by finding that defendant's arguments were vexatious under

---

[1] Title IV-E refers to subchapter IV, part E of the United States Social Security Act, 42 USC 670 *et seq.* "Title IV-E establishes federal funding to support state foster care systems and conditions funding on compliance with federal requirements. . . . Title IV-E requirements are significant in states, including Michigan, that rely on federal funding to support child welfare programs. Because we choose to accept federal funding, noncompliance with the federal scheme results in substantial funding losses and financial penalties." *In re Rood*, 483 Mich 73, 102-103; 763 NW2d 587 (2009)

[2] *Ayotte v Dep't of Health & Human Servs*, unpublished order of the Court of Appeals, entered February 6, 2020 (Docket No. 350666).

MCR 7.112 and MCR 7.216; and (3) the circuit court erred to the extent that it sanctioned defendant under the court's inherent authority. We agree, and, therefore, reverse.

## I. PROCEDURAL HISTORY

The underlying facts are not in dispute, and are set forth in *Ayotte v Dep't of Health & Human Servs*, 326 Mich App 483, 486-488; 927 NW2d 730 (2018):

> Plaintiff, 16 years old at the time, engaged in domestic violence, see MCL 750.81(2), on November 10, 2014, and Arenac Circuit Court Judge Richard Vollbach entered a temporary detention order on November 11, 2014. Plaintiff admitted to assaulting his mother and entered a plea of admission to a delinquency petition on November 12, 2014. Judge Vollbach ordered plaintiff to serve three days in the Roscommon Juvenile Detention Center (RJDC), after which he would be "placed on intensive probation under the supervision of the juvenile officer" in the home of his mother.

> However, later in the day on November 12, defendant filed a child-protection petition seeking plaintiff's removal from his mother's home, citing, among other things, her problems with substance abuse. After a plea by the mother, the court assumed jurisdiction over plaintiff on November 13, 2014, and specified a removal-from-the-home date of November 13, 2014. In an amended order of adjudication signed on November 14, 2014, the court ordered that plaintiff be placed with defendant for care and supervision after his "release[ ] from the [RJDC] on Friday, November 14, 2014[.]"

> Initially, defendant determined that plaintiff was eligible for Title IV-E foster-care funding for his placement outside his mother's home. See 42 USC 670 et seq. Thereafter, in November 2015, Tiphanie Charbonneau, a Title IV-E specialist with defendant, conducted an annual review of Title IV-E funding, and plaintiff's case was chosen at random for a specific review. Charbonneau concluded that plaintiff, "in fact, was not supposed to be IV-E eligible" because the delinquency order removing plaintiff from his home did not contain language indicating that it was contrary to plaintiff's welfare to be removed from his home.

> Plaintiff's guardian ad litem sought an administrative hearing. . . .

> * * *

> Relying on 42 USC 672(a)(2)(A)(ii) and 45 CFR 1356.21(c), the ALJ found that "while the finding of contrary to the welfare was made in the Order After Preliminary Hearing [in the child-protection matter], the order was not a removal order as the child was already removed as clearly documented in the Order to Apprehend and Detain . . . ." The ALJ concluded that defendant "acted in accordance with Department policy when it denied continuing Title IV-E funding . . . because the Court's Order to Apprehend and Detain did not have the requisite contrary to the welfare findings."

Plaintiff appealed in the circuit court, which concluded that the ALJ committed clear legal error. The circuit court entered an order reversing the ALJ's decision "[f]or the reasons stated on the record . . . ." The court concluded on the record that the temporary detention order was not the first order of removal but, rather, was an arrest warrant. [Footnote omitted; alterations in original.]

Beyond the substantive legal arguments presented in the circuit court, plaintiff requested attorney fees and costs. The circuit court awarded attorney fees and costs under the APA because "the position of the Department is exceedingly unreasonable." The court explained:

I will award attorney fees because I think the position of [defendant] is exceedingly unreasonable. I think they have a duty to appeal these things if they find, if they are audited, they didn't even wait to be audited. I think the finding of . . . the Department in the *Virginia* case[3] would have been a good reason to defend this, and I think it is appropriate to award attorney fees. Now the amount of attorney fees could be subject to litigation, I can't just order that you get anything you want. So if there's a further proceeding necessary on that I will hear it if it can't be agreed.

Thereafter, in a motion for attorney fee and costs and various other filings, plaintiff sought an award of $24,308 in attorney fees and $807.85 in costs. Plaintiff argued that the circuit court had the authority to enter such an award under MCL 600.2421d because defendant's position was frivolous, under MCR 7.216(C) because defendant's position was vexatious, and under the trial court's inherent authority to sanction litigants. In response, defendant argued that MCL 24.323(1) of the APA authorized only the presiding officer, in this case the ALJ, not the circuit court, to award attorney fees. Defendant also argued that, even if the APA applied, plaintiff's request for attorney fees should be denied because defendant's position was neither frivolous nor vexatious. Further, defendant did not engage in misconduct before the circuit court to warrant sanctions.

When this Court granted defendant's application for leave to appeal,[4] the circuit court stayed all proceedings pending the outcome of the appeal. On appeal, this Court agreed with the circuit court that the November 11, 2014 detention order was not the first order of removal for purposes of Title IV-E funding. *Ayotte*, 326 Mich App at 494-495. This Court concluded that the "statutory scheme and agency interpretations align with the ruling of the trial court, and we do not find defendant's arguments to the contrary persuasive." *Id*. at 503.

Following this Court's decision in *Ayotte*, the circuit court returned to the issue of attorney fees and costs. Defendant argued that MCL 24.325 gave the circuit court authority to review the final action of a presiding officer regarding attorney fees and costs imposed under MCL 24.323, but the circuit court did not have the authority to award attorney fees. Defendant asserted that the procedural posture of the case required the ALJ to first make a determination regarding costs and

---

[3] *Virginia Dep't of Social Servs*, DAB No. 2379 (2011) (Docket No. A-11-21).

[4] *Ayotte v Dep't of Health & Human Servs*, unpublished order of the Court of Appeals, entered March 5, 2018 (Docket No. 339090).

fees. Citing *Grass Lake Improvement Bd v Dep't of Environmental Quality*, 316 Mich App 356; 891 NW2d 884 (2016), *Widdoes v Detroit Pub Sch*, 218 Mich App 282; 553 NW2d 688 (1996), and *Sherman Pharmacy, Inc v Dep't of Social Servs*, unpublished per curiam opinion of the Court of Appeals, issued May 16, 1997 (Docket No. 188114), defendant argued that, without a decision by the presiding officer regarding attorney fees, the circuit court could not review the matter.

Plaintiff argued that defendant's interpretation of the caselaw was incorrect and asserted that the cases were distinguishable because they involved review of an ALJ's decision on fees and costs. Plaintiff further argued that MCL 24.323 and MCL 600.2421d clearly provided the circuit court with the authority to award fees and costs, and MCR 7.112 and MCR 7.216 allowed the court to award costs and fees because the court was serving as an appellate tribunal. In any event, plaintiff asserted the court had the inherent authority to sanction defendant for "wast[ing] scarce judicial resources arguing something that was exceedingly unreasonable and untenable under the law . . . ." Defendant responded by arguing that there was a difference between advancing a legal argument that was devoid of merit and having a difference of opinion on the requirements of the law.

Ultimately, the court said that it agreed with defendant's proposition that an unsuccessful argument is not necessarily devoid of merit, "but I don't agree with it as applied to this case because I think it has been frivolous from day one." The court continued: "What happened here is not foster care, has nothing to do with foster care and I think it was frivolous for [defendant] to not acknowledge that throughout these proceedings. And therefore, my ruling [to impose attorney fees and costs] will stand." The court explained that "the position of [defendant] was exceedingly unreasonable and unsupported . . . by the law. I find that to be another description for the word frivolous." Therefore, the court concluded that it had the authority to award fees under MCL 600.2421d, MCL 24.323(3), and MCR 7.112:

> I find that attorney fees should be awarded under the provisions of MCL [600.]2421d, which turns us to MCL 24.2323 [sic].
>
> I also find that I have authority to award attorney fees under the provisions of [MCR] 7.112, which incorporates the Court of Appeals rules, applies them to this kind of an action, and I find that it was frivolous. I don't think that . . . the position of [defendant] is founded in the law. I think their position was ridiculous, and . . . I think it showed a callous disregard for finding the right answer to this, and that should not be tolerated, and that's what attorney fees exist for.

Plaintiff's counsel said that she spent 103 hours working on this case and proposed an hourly rate of $236, despite the statutory ceiling of $75 per hour in MCL 24.323(5)(b), because of the extraordinary circumstances of the case. The circuit court determined that $282.50 was a reasonable hourly rate because of the special circumstances of the case. Accordingly, the circuit court entered an order awarding plaintiff $29,097.50 in attorney fees and $520 in costs. Defendant now appeals, challenging the award of attorney fees and costs.

## II. DISCUSSION

On appeal, defendant argues that the circuit court erred by awarding plaintiff attorney fees and costs. We agree.

This Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees and a determination of the reasonableness of those fees; reviews for clear error the trial court's underlying factual findings; and reviews de novo any underlying questions of law. *Teran v Rittley*, 313 Mich App 197, 208; 882 NW2d 181 (2015). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). However, "[a] trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 730; 909 NW2d 890 (2017) (quotation marks and citation omitted).

### A. ATTORNEY FEES UNDER THE APA

Defendant argues that the circuit court lacked jurisdiction to award attorney fees under the APA because the circuit court's authority was limited to judicial review of the ALJ's decision regarding attorney fees. We agree.

This Court and the Michigan Supreme Court have described the rules of statutory construction as follows:

> "The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009), quoting *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).]

As an initial matter, plaintiff argues that this Court should not review this issue because defendant failed to preserve it in the circuit court. Generally, for an issue to be preserved for appellate review, it must be raised in or decided by the trial court. *Glasker-Davis v Auvenshine*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345238); slip op at 3. To preserve a challenge to a trial court's determination of attorney fees, a party must have asserted in the trial court the specific legal grounds on which it seeks this Court's review. *Ladd v Motor City Plastics Co*, 303 Mich App 83, 104; 842 NW2d 388 (2013).

Defendant preserved its arguments with respect to the award of attorney fees under MCL 24.323(1) in its written objections to plaintiff's motion for attorney fees and costs and in its brief in support of objections to plaintiff's motion for attorney fees and costs; defendant further

preserved its arguments under the APA, as well as its argument under MCL 600.2412d and MCR 7.112, in its sur-reply. Defendant also preserved each argument at the hearing on plaintiff's motion for fees and costs. However, defendant did not raise its argument that Title IV-E cases are exempt from an award of attorney fees under MCL 24.315(3)(e), and the trial court did not rule on the issue. This argument is not preserved. This Court reviews unpreserved claims of error in civil cases for plain error affecting substantial rights. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

Turning to the merits of defendant's issue, under MCR 7.103(A)(2), we note that a circuit court has appellate jurisdiction of an appeal of right filed by an aggrieved party from a final order or decision of an agency governed by the APA. The circuit court "may affirm, reverse, remand, or modify the decision of the agency and may grant further relief as appropriate based on the record, findings, and conclusions." MCR 7.119(H). The circuit court explained that it had authority to award attorney fees under MCL 24.323, MCL 600.2412d, and MCR 7.112.[5]

MCL 24.323 provides, in relevant part:

(1) The presiding officer that conducts a contested case shall award to a prevailing party, other than an agency, the costs and fees incurred by the party in connection with that contested case, if the presiding officer finds that the position of the agency to the proceeding was frivolous. To find that an agency's position was frivolous, the presiding officer shall determine that at least 1 of the following conditions has been met:

(a) The agency's primary purpose in initiating the action was to harass, embarrass, or injure the prevailing party.

(b) The agency had no reasonable basis to believe that the facts underlying its legal position were in fact true.

(c) The agency's legal position was devoid of arguable legal merit.

"Presiding officer" is defined to mean "an agency, 1 or more members of the agency, a person designated by statute to conduct a contested case, or a hearing officer designated and authorized by the agency to conduct a contested case." MCL 24.322(4). An "agency" is "a state department, bureau, division, section, board, commission, trustee, authority or officer, created by the constitution, statute, or agency action," but does not include "an agency in the legislative or judicial branch of state government . . . ." MCL 24.203(2). A "contested case" is "a proceeding . . . in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). See also MCL 24.322(1).

The plain language of MCL 24.323(1) requires the "presiding officer" to determine that the position of the agency was frivolous under one of the conditions identified in MCL

---

[5] The award of attorney fees under MCR 7.112 is addressed in Part II(B).

24.323(1)(a) to (c) before an award of attorney fees and costs can be made. Clearly, the circuit court did not constitute a "presiding officer," and the proceeding in the circuit court was not a contested case. The circuit court erred by relying on MCL 24.323(1) to award attorney fees to plaintiff.

MCL 24.325 provides for judicial review of a presiding officer's determination of costs and fees under MCL 24.323. MCL 24.325 states:

> (1) A party that is dissatisfied with the final action taken by the presiding officer under [MCL 24.323] in regard to costs and fees may seek judicial review of that action pursuant to [MCL 24.301 *et seq*].
>
> (2) The court reviewing the final action of a presiding officer pursuant to subsection (1) may modify that action only if the court finds that the failure to make an award or the making of an award was an abuse of discretion, or that the calculation of the amount of the award was not based on substantial evidence.
>
> (3) An award of costs and fees made by a court under this section shall only be made pursuant to [MCL 600.2421d].

Under MCL 600.2421d, "If the court awards costs and fees to a prevailing party upon judicial review of the final action of a presiding officer in a contested case pursuant to [MCL 24.325]," then "the court shall award those costs and fees provided for in [MCL 24.323], if the court finds that the position of the state involved in the contested case was frivolous."

The plain language of MCL 24.325(1) provides that a party dissatisfied with the final action taken by the presiding officer with regard to costs and fees under MCL 24.323 may seek *judicial review of that action*. The reviewing court "may modify" the presiding officer's "action only if the court finds that the presiding officer abused his or her discretion or the calculation of the award was not based on substantial evidence." MCL 24.325(2). Again, no determination on attorney fees was made by the ALJ in this case and, therefore, there was no final action taken by the presiding officer with regard to attorney fees under MCL 24.323. Consequently, plaintiff could not seek judicial review under MCL 24.325(1) because there was nothing for the circuit court to review. And, therefore, the circuit court could not make an award of costs and fees under MCL 24.325 pursuant to MCL 600.2421d.

The circuit court interpreted MCL 600.2421d as providing the court with authority to award costs and fees to a prevailing party upon judicial review of the *final action of a presiding officer on the merits of a contested case*.[6] However, the circuit court's interpretation is not consistent

---

[6] If, on judicial review, the circuit court finds that the presiding officer's failure to make an award was an abuse of discretion, or that the making of an award was an abuse of discretion, the court can make an award of costs and fees under MCL 24.325(3) pursuant to MCL 600.2421d. MCL 24.325(1) and (2). However, as discussed, the circuit court did not find that the failure to make an award was an abuse of discretion.

with the plain language of the statute. The plain language of MCL 600.2421d provides for "judicial review of the final action of a presiding officer in a contested case pursuant to [MCL 24.325]." MCL 24.325 provides judicial review of a final action taken by the presiding officer under MCL 24.323 in regard to costs and fees. The trial court clearly erred by relying on MCL 600.2421d to award attorney fees. See *Widdoes*, 218 Mich App at 290 (concluding, in part, that the circuit court erred by awarding reasonable attorney fees to the petitioner because MCL 24.323, MCL 24.325, and MCL 600.2421d did not apply when a presiding officer did not award costs and fees and there was no appeal of such an award).[7]

## B. ATTORNEY FEES UNDER THE COURT RULES

Defendant argues that the circuit court erred by finding that defendant's position was vexatious and abused its discretion by awarding attorney fees under MCR 7.112 and MCR 7.216. We agree.

Under MCR 7.112, "[i]n addition to its general appellate powers, the circuit court may grant relief as provided in MCR 7.216." MCR 7.216(C)(1) allows the circuit court to award "actual and punitive damages . . . when it determines that an appeal or any of the proceedings in an appeal was vexatious[.]" An appeal or proceeding is vexatious when:

> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

> (b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court. [MCR 7.216(C)(1).]

The circuit court did not specifically identify whether it relied on MCR 7.216(C)(1)(a) or (b) to award attorney fees. Plaintiff argues that he never sought attorney fees under MCR 7.216(C)(1)(a), thus, the circuit court could not have awarded fees under that subrule. The circuit court stated:

> I also find that I have authority to award attorney fees under the provisions of [MCR] 7.112, which incorporates the Court of Appeals rules, applies them to this kind of an action, and I find that it was frivolous. I don't think that . . . the position of [defendant] is founded in the law. I think their position was ridiculous, . . . and I think it showed a callous disregard for finding the right answer to this, and that should not be tolerated, and that's what attorney fees exist for.

---

[7] Because the circuit court did not have the authority to award attorney fees and costs under the APA, we need not consider defendant's remaining arguments concerning the APA.

-8-

Given the court's reasoning, it is apparent that it relied on MCR 7.216(C)(1)(a), regardless of whether plaintiff relied on MCR 7.216(C)(1)(a) in his briefing.

Defendant argues that MCL 7.216(C)(1)(a) did not apply because defendant was not the appellant in the circuit court. MCR 7.216(C)(1)(a) allows a circuit court to assess actual and punitive damages against one filing an appeal without any reasonable basis to support a meritorious issue. See, e.g., *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 413; 700 NW2d 432 (2005). Here, the appeal in the circuit court was not "taken" by defendant; in other words, defendant did not file the appeal. Therefore, MCR 7.216(C)(1)(a) did not apply.

Even if MCR 7.216(C)(1)(a) did apply, at the heart of the Title IV-E dispute was a disagreement on what constitutes the first order of dismissal for purposes of Title IV-E funding. The ALJ agreed with defendant's position that the temporary detention order was the first order of removal and concluded that defendant "acted in accordance with Department policy when it denied continuing Title IV-E funding . . . because the Court's Order to Apprehend and Detain did not have the requisite contrary to the welfare findings." *Ayotte*, 326 Mich App at 487-488 (quotation marks omitted). Defendant's position remained the same when plaintiff appealed to the circuit court. The circuit court disagreed and reversed the ALJ's decision. Defendant then appealed the circuit court's determination to this Court.

In resolving the dispute between the parties, this Court engaged in a detailed analysis of 42 USC 672(a)(1), considering the provision in the context of the entire statute, as implemented by the Code of Federal Regulations. *Id*. at 493-494. This Court also considered provisions of the Federal Register addressing the proposed federal regulation. *Id*. at 495-498. The cited passages from the Federal Register documented the evolution of the federal regulation in response to many comments provided. Specifically, when read together, the passages explained why the Administration for Children and Families (ACF) abandoned "drawing a distinction between emergency and nonemergency removals with respect to the contrary-to-the-welfare determination" for purposes of Title IV-E funding. *Id*. at 496-497. This Court further considered question and answer sections of the Federal Child Welfare Manual, explaining that how the answers provided by the ACF are understood depends on understanding that the questions answered in the Federal Register presume that placement of a child "in a detention facility or a psychiatric hospital is a temporary step undertaken by a court that has already determined that the child should be placed in foster care[.]" *Id*. at 500-502.

The depth of this Court's analysis attests to the complexity of the issue. In fact, the circuit court acknowledged "the complexity of the case" when concluding that the hours plaintiff's counsel claimed were "quite reasonable." In turn, the complexity of the case rebuts the conclusion that "the appeal was taken . . . without any reasonable basis for belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a). Moreover, the fact that this Court decided to publish the case indicates, at least implicitly, that the entire matter was worthy of binding analysis. See MCR 7.215(B)(2) ("A court opinion must be published if it . . . construes as a matter of first impression a provision of a constitution, statute, regulation, ordinance, or court rule . . . .").

Additionally, *Ayotte* cited *Virginia Dep't of Social Servs*, DAB No. 2379 (2011) (Docket No. A-11-21),[8] as supporting its analysis. *Ayotte*, 326 Mich App at 495. In that case, the Virginia Department of Social Services appealed a decision issued by the ACF disallowing Title IV-E foster-care payments in a specific case because the contrary-to-the-welfare determination was not made when the child was removed from his home and placed in a detention center on November 23, 2009. *Virginia*, DAB No. 2379 at 1-3. The Department of Social Services took custody of the child and placed him in foster care on December 9, 2009, after determining that it would be contrary to the welfare of the child to remain in the home. *Id*. at 4. As in the case at hand, the parties in *Virginia* disagreed which order—the November 23, 2009 order or the December 9, 2009 order—was the first removal order. *Id*. at 5. The ACF argued that it was the former, but the appeals board disagreed and held that the Department of Social Services "met the contrary to the welfare requirement necessary to establish [Title] IV-E eligibility . . . ." *Id*. at 5, 13. The fact that the ACF had advanced the argument that the order removing the child from his home and placing him in a detention center rebuts the circuit court's conclusion in this case that defendant's "position was ridiculous, and . . . showed a callous disregard for finding the right answer to this . . . ."

Of course, sanctions are appropriate for a frivolous action when, on the basis of a ruling in another case, a party has reason to believe the action lacks merit. *Farmers Ins Exch v Kurzman*, 257 Mich App 412, 423; 668 NW2d 199 (2003). Although *Virginia* is not binding because it is an administrative decision, *Capac Bus Drivers Ass'n v Capac Community Sch Bd of Ed*, 140 Mich App 542, 549; 364 NW2d 739 (1985), and is not focused on the precise issue addressed in *Ayotte*, the circuit court nevertheless told plaintiff's counsel that it was "a nice piece of work" to find the *Virginia* case. And it supports the conclusion that defendant had a reasonable belief that its position was meritorious. Therefore, the trial court erred by awarding attorney fees under MCR 7.216(C)(1)(a).

Defendant further argues that an award of attorney fees was not warranted under MCR 7.216(C)(1)(b) because the circuit court's rejection of defendant's legal argument cannot support sanctions under the court rule. For the reasons discussed as to MCR 7.216(C)(1)(a), there is nothing to suggest that "a pleading, motion, argument, brief, document, record filed in the case . . . was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." MCR 7.216(C)(1)(b). An award of attorney fees and costs under MCR 7.216(C)(1)(b) similarly would have been in error.

## C. ATTORNEY FEES UNDER THE COURT'S INHERENT AUTHORITY

Defendant argues that the circuit court erred by awarding attorney fees and costs under its inherent authority to sanction litigants for misconduct.

Michigan follows the American rule regarding the imposition of attorney fees and costs, which provides that attorney fees ordinarily are not recoverable unless a statute, court rule, or common-law exception provides to the contrary. *Smith*, 481 Mich at 526. An exception to the

---

[8] Available at <https://www.hhs.gov/sites/default/files/static/dab/decisions/board-decisions/2011/dab2379.pdf> [https://perma.cc/UDB8-JZKS] (accessed April 14, 2021).

American rule is the trial court's inherent authority to sanction a litigant or attorney for misconduct by assessing attorney fees. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (2000). The purpose of imposing sanctions "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *BJ's & Sons Constr Co, Inc*, 266 Mich App at 405 (quotation marks and citation omitted).

Initially, it is not clear that the trial court awarded attorney fees under a court's inherent authority to sanction misconduct. And it does not appear that the circuit court, sitting as an appellate tribunal, had inherent authority to sanction defendant for misconduct that allegedly occurred in the administrative proceeding. Regardless, because defendant's argument was reasonable, it follows that advancing the argument was not misconduct worthy of sanctions. To the extent that the circuit court awarded attorney fees on the basis of its inherent authority, the court abused its discretion.

## III. CONCLUSION

Because the presiding officer did not make a determination regarding attorney fees, there was no final action on the issue for the circuit court to review. Therefore, the circuit court erred by awarding attorney fees and costs under the APA and MCL 600.2421d. Further, the circuit court clearly erred by finding that defendant's position was vexatious and abused its discretion by awarding attorney fees under MCR 7.112 and MCR 7.216. Likewise, the circuit court abused its discretion if it sanctioned defendant under its inherent authority. Accordingly, we reverse the circuit court's order awarding attorney fees and costs in favor of plaintiff.

Reversed.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Anica Letica

-11-